JOHN R. GIBSON, Circuit Judge,
dissenting.
I respectfully dissent.
The procedural posture of this case below commences with the government claim that the debtor made irrevocable elections to carry forward net operating losses. The trustee’s response consists only of allegations, statements, and general claims of fraudulent conveyance and transfer under sections 548 and 549. The trustee contends that it need not file affidavits to overcome a summary judgment motion when the movant has introduced no evidence on the fact issues asserted. The problem with this argument is simply that the trustee does not rely on the deficiencies of the government’s claim, but asserts an affirmative claim without any evidentiary support by way of factual materials, affidavits, or depositions.
As a preliminary matter, I disagree with the court’s decision today that irrevocable elections under section 172(b)(3)(C) are subject to avoidance under sections 548 and 549 of the Bankruptcy Code. Congress enacted section 1398(g)(1) of the Internal Revenue Code establishing the interrelationship between the Internal Revenue Code and the Bankruptcy Code. This section specifically provides: “The estate shall succeed to and take into account the following items (determined as of the first day of the debtor’s taxable year in which the case commences) of the debtor — (1) ... [t]he net operating loss carryovers determined under section 172.” 26 U.S.C. § 1398(g)(1).
The application of section 1398(g)(1) defeats this court’s conclusion that the taxpayer’s irrevocable elections may be avoided by the trustee. Here, the taxpayer filed his election to carry forward net operating losses on August 12, 1983, less than one year before the bankruptcy filing on July 18, 1984. Under the plain terms of section 1398(g)(1), the bankruptcy estate received the net operating losses in effect as of January 1, 1984. The August 1983 election, therefore, cannot be avoided, and section 548 cannot override the provisions of section 1398. Congress enacted section 1398 four years after section 172, and Congress had to be aware of section 172 when it enacted section 1398 attempting to establish the interrelationship between the bankruptcy and tax laws. Had Congress intended to authorize avoidance of the irrevocable elections under section 172, it could have done so when it enacted section 1398. The court’s opinion today simply flies in the face of the express language of section 1398(g)(1) in reaching its conclusion.
With respect to section 549 and the October 1984 election, the essence of the court’s opinion today incorrectly characterizes the nature of the trustee’s suit. The court reasons that the trustee’s suit is simply a tax refund suit and that the statute of limitations applicable to such suits controls. The critical failing of the court’s argument is that a necessary predicate for the tax refund suit is the trustee’s attempt to avoid the taxpayer’s election to carry forward net operating losses. Without avoidance of this election, there is no tax refund claim. *420 11 U.S.C. § 549(d) provides that any claim for avoidance must be made within two years after the date of the transfer sought to be avoided. The court- reasoned that the transfer was the election. Because the election was made October 10, 1984 (when the 1983 federal tax return was filed), the two year limit for asserting an avoidance claim expired well before the trustee filed its complaint on March 19, 1987.
This court considered a somewhat similar issue in Smith v. Mark Twain National Bank, 805 F.2d 278 (8th Cir.1986). In that case, we accepted the argument that a certificate was not subject to turnover under 11 U.S.C. § 542 unless the assignment and pledge were avoided under 11 U.S.C. § 549. Id. at 293. In a perceptive and scholarly' opinion written by Judge Magill; we held that the two year limitation of 11 U.S.C. § 549(d) would bar recovery if there were no other relevant facts, but we applied equitable estoppel to defeat the operation of the statute of limitations. Id. at 293-94. Just as the turnover was dependent upon the avoidance in Smith, so too the tax refund here is dependent upon avoidance of the carryover election. Smith compels the application of the section 549(d) two-year limitation.
I would affirm the judgment of the district court. I confess to some unease in reaching a decision on issues not addressed by the lower courts. Yet, we are asked to do so, and little is to be gained in remanding the case for further consideration in the district court with the inevitable result that it will come to this court again.